UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Plaintiff,

-v.-

AQUA PLUMBING & HEATING CORP. et al.,

Defendants.

22 Civ. 10303 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On April 2, 2026, the parties filed a proposed Case Management Plan and Scheduling Order ("CMP"). *See* ECF No. 93. Pursuant to the proposed CMP, fact and expert discovery would close on August 1 and October 1, 2026, respectively. CMP ¶¶ 9(b), (d). The Court approved the proposed CMP, ECF No. 95, "notwithstanding that the parties have exceeded the Court's default timetables in connection with several tasks therein," ECF No. 96. The Court warned, however, that, "[a]bsent good cause . . . [,] the parties should not expect further extensions of those deadlines." ECF No. 96; *see* CMP ¶ 9(g) (also stating that the deadlines could be extended only "by further Order of the Court for good cause shown"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In addition, the CMP provided that extension requests must "be made . . . no later than two business days before the relevant deadline" and "explain the parties' efforts to comply with the deadline and the reasons why discovery cannot be completed by then." CMP ¶ 9(g).

On October 6, 2026, following expiration of the time to seek an extension and to complete fact and expert discovery, the parties filed a joint letter to "update the Court regarding the progress of discovery and to request that the Case Management Plan and Scheduling Order

be amended accordingly."[1] ECF No. 103. The parties reported that written discovery had not been completed and that no depositions had been taken. *Id.* at 1. No progress on expert discovery was mentioned. The letter noted that three depositions had been scheduled for December 2026 and January 2027, and that the parties "anticipate[d] being in a position to propose a schedule for expert disclosures, expert discovery and any additional depositions that m[ight] be necessary" at "the end of January 2027." *Id.* at 2. The parties did not "explain" why the August 1, 2026 or October 1, 2026 deadlines for fact and expert discovery, respectively, had been missed, CMP ¶ 9(g), or any "good cause" for extending them, *see* ECF No. 96; Fed. R. Civ. P. 16(b)(4).

The parties' request is denied. CMP ¶ 9(g) ("Absent exceptional circumstances, extensions will not be granted after deadlines have already passed."). If the parties wish to extend the deadlines, they must file a letter motion by **November 6, 2026**. The motion must propose specific dates for the end of fact and expert discovery. It must also address:

1. Why the currently scheduled depositions were not taken by August 1, 2026, and whether the parties expect that any additional depositions will be needed;
2. Whether the parties still believe that expert discovery is necessary, and if so, the expert discovery that has been taken so far; and
3. Good cause for the proposed new deadlines.

SO ORDERED.

[1] The parties' extension request failed to comply with the CMP and the Court's Individual Rules for the additional reason that it was filed as a letter instead of a letter motion. *See* CMP ¶ 9(g); R. 2.E.

Dated: November 2, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge