MEMO ENDORSED
(page 3)

GWERTZMAN
LEFKOWITZ & SULLIVAN, PLLC

The Chanin Building
122 East 42nd Street, Suite 1607
New York, New York 10168
(212) 968-1001

FAX. NO.: (212) 968-1008
(NOT FOR LEGAL SERVICE)

Sedereas@Gwertzmanlaw.com
(212) 968-1001 Ext. 115

**LETTER MOTION TO EXTEND DISCOVERY DEADLINES**

November 5, 2026

Hon. Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 12B
New York, New York 10007-1312

**Re: Travelers Property Casualty Company of America et al v. Aqua Plumbing**
Docket no: 1:22-cv-10303-JHR
Gwertzman File No. 00268

Dear Judge Rearden:

Pursuant to the Court's November 2, 2026 Order (ECF No. 104), Federal Rule of Civil Procedure 16(b)(4), and paragraph 9(g) of the Case Management Plan and Scheduling Order ("CMP"), the parties jointly move to amend the expired fact and expert discovery deadlines for good cause and the Honorable Judge's consent. The parties acknowledge that their October 6, 2026 submission (ECF No. 103) was filed after the applicable deadlines and did not adequately explain the need for an extension or request relief by letter motion. They respectfully submit this motion to address the specific matters identified by the Court and to propose definite dates for completing discovery.

This is the parties' first formal motion seeking an extension of the discovery deadlines

established in CMP. Accordingly, the parties submit this joint letter motion in accordance with CMP paragraph 9(g), setting forth the circumstances necessitating the requested extensions and the proposed amended discovery schedule.

This matter involves a complex property damage subrogation action concerning a substantial loss, requiring extensive factual discovery and expert analysis to address the issues of liability, causation, and damages. The parties must examine the circumstances surrounding the underlying plumbing failure, the respective responsibilities of the entities involved, and the nature and extent of the resulting property damage. Given the amount in controversy and the technical issues presented, meaningful discovery requires the production and review of relevant documents, third-party records, and deposition testimony, together with the evaluation of expert findings. The parties respectfully submit that the complexity of the claims, the substantial damages at issue, and the need to develop a complete factual and technical record further support the requested modification of the discovery schedule.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the Court's consent. The parties respectfully submit that good cause exists for the requested modification in light of their continued diligence in exchanging written discovery, pursuing material third-party records, coordinating depositions, and addressing the factual and technical issues presented by this property damage subrogation action. Although the parties acknowledge that the prior discovery deadlines expired before a compliant request for an extension was submitted, they have continued to advance discovery cooperatively and have established a schedule for completing the remaining fact and expert discovery.

**Status of Fact Discovery and Reasons for Delay**

The parties have worked cooperatively and diligently to advance discovery. Parties have exchanged written discovery responses and responsive documents. Defendant served three third-party subpoenas, two of which had produced responses as of the October 6, 2026 submission; the subpoena to City Water Meter remained outstanding at that time. The parties considered the third-party records material to preparing for and conducting meaningful depositions and therefore sought to obtain those records before proceeding with testimony.

The presently scheduled depositions were not completed by August 1, 2026, because the parties were still exchanging discovery and pursuing third-party records that they believed necessary to develop the factual record before examining witnesses. Additionally, scheduling conflicts and the unavailability of counsel contributed to delays in coordinating mutually convenient deposition dates, resulting in the current proposed schedule. The parties recognize that these circumstances do not, standing alone, excuse their failure to request an extension before the expiration of the discovery deadline. Nevertheless, they respectfully submit that their continued and diligent discovery efforts, the need to obtain material third-party records, counsel's scheduling constraints, and the establishment of firm deposition dates demonstrate good cause for the requested modification of the discovery schedule.

The parties have scheduled the following depositions: Plaintiff's adjuster on December 15, 2026; Plaintiff's subrogor's representative on December 16, 2026; and Defendant Aqua Plumbing on January 7, 2027.

**Expert Discovery**

The parties believe expert discovery remains necessary to address technical issues bearing on liability and causation. No expert discovery has been conducted at this time. The parties propose the following expert schedule: Plaintiff's expert reports by March 1, 2027; Defendant's expert disclosures and reports by March 31, 2027; Rebuttal reports by April 15, 2027 and completion of expert depositions and all expert discovery by May 15, 2027.

**Good Cause and Proposed Amended Deadlines**

Good cause exists for the proposed modification of the discovery schedule because the remaining depositions have been scheduled, the outstanding third-party document discovery concerns matters relevant to those examinations, and the proposed expert discovery deadlines provide a reasonable and defined sequence following completion of fact discovery. Given the complexity of this property damage subrogation action, the substantial damages at issue, and the need for expert analysis concerning liability, causation, and damages, the requested extensions will afford the parties sufficient time to complete the necessary factual and technical investigation. The parties seek a limited extension to complete discovery already underway, rather than an open-ended postponement. We will continue to cooperate in resolving outstanding discovery issues and will promptly advise the Court of any circumstances that may affect compliance with the amended schedule.

Specifically, the parties jointly and respectfully request that the Court grant the letter motion amend the CMP to establish the following deadlines:

**Completion of fact discovery: January 29, 2027;**
**Plaintiff's expert disclosures: March 1, 2027;**
**Defendant's expert disclosures: March 31, 2027;**
**Rebuttal expert reports: April 15, 2027; and**
**Completion of expert depositions and all expert discovery: May 15, 2027.**

Thank you for time and consideration.

Christian C. Sedereas

*Christian Sedereas*

Counsel for Plaintiff

*Michael Andreou*

Michael Andreou

Application GRANTED. The Court hereby adopts the schedule set forth above.

The Clerk of Court is directed to terminate ECF No. 105.

SO ORDERED.

*Jennifer H. Rearden*

Jennifer H. Rearden, U.S.D.J.
Dated: November 10, 2026